**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

**RICARDO JOSE HUERTAS BAUZA,,**

**Plaintiff,**

**v.**

**OSCAR P. FOURNIER GONZALEZ,**

**Defendant.**

**Civil No. 13-1254 (GAG)**

**MEMORANDUM OPINION AND ORDER**

On October 5, 2012, Ricardo Huertas Bauza ("Plaintiff") filed this motion against Oscar Fournier Gonzalez ("Fournier") and Universal Insurance Company (collectively "Defendants") in the Court of First Instance. (Docket No. 7-1.) Plaintiff claimed Fournier negligently operated his vehicle in a manner that caused a collision with Plaintiff's vehicle. (See id. at 1.) On March 27, 2013, Defendants removed the case to federal court citing the court's exclusive jurisdiction to adjudicate claims arising under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. 1346(b). On May 16, 2013, Defendants filed a motion to dismiss claiming Plaintiff failed name the United States as the defendant and to exhaust his administrative remedies. (See Docket No. 8.) Plaintiff never responded to the motion. Accordingly, the court **GRANTS** Defendants motion to dismiss.

**I. Discussion**

The FTCA is the exclusive remedy for a plaintiff to sue the government or an employee of the government for tortious actions. 28 U.S.C. § 1346(b)(1). The proper defendant in a suit under the FTCA is the United States. See 28 U.S.C. § 2679; Nieves-Romero v. U.S., 715 F.3d 375, 378 (1st Cir. 2013). Claims against government agencies or employees are improperly brought under the FTCA and must be dismissed. See McCloskey v. Mueller, 446 F.3d 262, 266 (1st Cir. 2006). Additionally, a plaintiff alleging violations of the FTCA must exhaust all available administrative remedies. See 28 U.S.C. § 2675(a); Ortiz-Lebron v. U.S., Civil No. 10-1513 (SEC), 2012 WL 6552782, at *4 (Dec. 14, 2012). "Exhaustion of administrative remedies is a jurisdictional, non-waivable prerequisite to the prosecution of a FTCA claim." Id. (citing Santiago–Ramirez v.

**Civil No. 13-1325 (GAG)**

<u>Sec'y of Dept. of Def.</u>, 984 F.2d 16, 8 (1st Cir.1993)).

    Plaintiff has presented no argument that he has exhausted his administrative remedies. Similarly, Plaintiff has not communicated with the court his desire to amend his complaint to sue the United States as required.  Therefore, the court must **GRANT** Defendants' motion to dismiss and **DISMISSES** Plaintiff's claims **without prejudice**.

    **SO ORDERED.**

    In San Juan, Puerto Rico this 1st day of August 2013.

                                           *s*/Gustavo A. Gelpí

                                           GUSTAVO A. GELPI
                                           United States District Judge